IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD SATISH EMRIT              :
                                 :
    v.                           :   Civil Action No. DKC 25-2218
                                 :
RADIO ONE, et al.                :
                                 :

**MEMORANDUM OPINION**

Plaintiff[1] filed a Complaint on July 9, 2025, naming as Defendants Radio One, WKYS 93.9 FM Radio, WPGC 95.5, Audacy, DJ Gemini, Cathy Hughes, iHeart Radio, Clear Channel, Cumulus Broadcasting, CBS Radio, Hot 97 New York, Charlamagne Tha God, and Urban 1.[2]  (ECF No. 1).  Plaintiff also filed a motion to proceed *in forma pauperis*.  (ECF No. 2).  Based on the information submitted by Plaintiff, he appears to be indigent, therefore the motion will be granted.  However, the Complaint does not state a claim and will be dismissed.

Plaintiff complains that, in 2008, he and his mother met with DJ Gemini of WKYS Radio who promised to play the song "I Need You

---

[1] Plaintiff is a prolific pro se filer who has been admonished repeatedly for the filing of frivolous complaints. *Emrit v. Jules*, No. CV DLB-23-978, 2023 WL 6794355, at *2 (D. Md. Oct. 13, 2023).

[2] Plaintiff has not asserted specific claims against Defendants Radio One, WPGC 95.5, Audacy, Cathy Hughes, iHeart Radio, Clear Channel, Cumulus Broadcasting, CBS Radio, Hot 97 New York, Charlamagne Tha God, and Urban 1.  These Defendants are named only in the caption and recitation of "Parties to this Litigation" on Page 2 of the Complaint.

Baby" featuring Latisha Ford, mixed and mastered by Stanley Frank with the record label Ten Karat Gold Productions, and published by Tuff-Stuff.  DJ Gemini failed to play the song and Plaintiff, as the former unofficial publicist for Natasha Jane, alleges injury and demands $45,000,000.

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district

court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. Specifically, the court has jurisdiction (1) over civil actions that arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 (federal question jurisdiction); or (2) where parties are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C § 1332 (diversity jurisdiction). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden

3

of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff asserts that this court has federal question jurisdiction to hear this matter under the "Payola Statute" of 47 U.S.C. Section 307, 28 U.S.C. Section 1331, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Equal Protection Clause, and Fourth Amendment, among others. Plaintiff also asserts that this court has diversity jurisdiction.

The court has reviewed the Complaint and finds that it does not allege facts sufficient to invoke either federal question or diversity of citizenship jurisdiction.[3]

Plaintiff has neither alleged facts establishing that he owns any right to the song at issue nor how he was injured when the song was not played. In *Nietzke v. Williams*, 490 U.S. 319, 325 (1989), the Supreme Court, in construing the meaning of "frivolous" under 28 U.S.C. § 1915(d), held that "a complaint, containing as it does both factual allegations and legal conclusions, is

---

[3] Plaintiff identifies himself as a citizen of both Maryland and Florida but fails to identify the states of citizenship of Defendants.

frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." The Complaint states no facts to support claims that conceivably would constitute a specific violation of Plaintiff's constitutional rights or federal laws, or under any applicable state law.

    A separate order follows.

July 24, 2025                                                              /s/
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge